**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre Maurice Crawford, | No. CV-12-0162-TUC-FRZ (BGM) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Louis Wynn, Jr., Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Andre Maurice Crawford's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent Wynn filed his Response in Opposition to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Response") (Doc. 13), and Petitioner filed his reply (Doc. 14). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution Tucson ("FCI Tucson") in Tucson, Arizona. *See* Petition (Doc. 1). On December 20, 1992, Petitioner committed the federal offenses of Armed Carjacking and Carrying a Firearm During and in Relation to a Violent Crime in violation of 18 U.S.C. §§ 2119 and 924(c).

Response (Doc. 13), Clarke Decl. (Exh. "1") ¶ 3 & United States District Court ("USDC") E.D. Pa. Case No. 93-CR-00108 Judgment in a Criminal Case (Attach. "1"). On December 21, 1992, Petitioner allegedly committed the offense of Carrying [a] Firearm Without a License, in violation of Pennsylvania law. Response (Doc. 13), Exh. "1" ¶ 4 & Court of Common Pleas of Montgomery County, Pennsylvania, Case No. CP-46-CR-0001115-1993 (Attach. "3") at 2. On December 29, 1992, a Complaint against Petitioner was filed in the federal case, USDC E.D. Pa. Case No. 93-CR-00108. Response (Doc. 13), Exh. "1" ¶ 5 & USDC E.D. Pa. Case No. 93-CR-00108 Docket (Attach. "4") at 1.[1]

On January 19, 1993, Petitioner allegedly committed *inter alia* the offense of Aggravated Assault in violation of Pennsylvania state law. Response (Doc. 13), Exh. "1" ¶ 7, Court of Common Pleas of Montgomery County, Pennsylvania Docket, Case No. CP-46-CR-0000829-1993 (Attach. "5") at 3, 23. On January 20, 1993, Petitioner allegedly committed *inter alia* the offense of Recklessly Endangering Another Person, Carrying a Firearm Without a License, and Aggravated Assault in violation of Pennsylvania state law. Response (Doc. 13), Exh. "1" ¶ 8, Court of Common Pleas of Montgomery County, Pennsylvania Docket, Case No. CP-46-CR-0000622-1993 (Attach. "6") at 3, 24. On January 28, 1993, Petitioner was arrested by the Cheltenham Township Police Department in Montgomery County, Pennsylvania Case No. CP-46-0000829-1993. Response (Doc. 13), Exh. "1" ¶ 9 & Attach. "5" at 1.

On March 4, 1993, the USDC for the Eastern District of Pennsylvania ordered that the Warden of the Montgomery County Correctional Facility at Eagleville, Pennsylvania and the United States Marshal Service ("USMS") produce Petitioner for arraignment in Case No. 93-

---

[1]"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The docket sheet of the USDC for the Eastern District of Pennsylvania is proper material for judicial notice. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (taking judicial notice of the docket from a proceeding before another tribunal).

CR-00108.[2]   Response (Doc. 13), Exh. "1" ¶ 11 & Attach. "4" at 2.  On July 27, 1993, the USDC sentenced Petitioner to 106 months of incarceration and three (3) years supervised release in the Eastern District of Pennsylvania Case No. CR-93-00108.  Response (Doc. 13), Exh. "1" ¶ 13, Attach. "4" at 6 (Judgment 7/28/1993).   On September 9, 1994, the state charge of Carrying [a] Firearm Without a License, Court of Common Pleas Montgomery County, Pennsylvania, Case No. CP-46-CR-0001115-1993, was dismissed.  Response (Doc. 13), Exh. "1" ¶ 14, Attach. "3" at 2.  On November 7, 1998, Petitioner was sentenced to five (5) to twenty (20) years incarceration for Aggravated Assault in the Court of Common Pleas Montgomery County, Pennsylvania, Case No. CP-46-CR-0000829-1993.  Response (Doc. 13), Exh. "1" ¶ 16, Attach. "5" at 5.  On this same date, Petitioner was also sentenced regarding the state charges of Recklessly Endangering Another Person and Carrying [a] Firearm Without a License in Court of Common Pleas Montgomery County, Pennsylvania, Case No. CP-46-CR-0000622-1993.[3]  Response (Doc. 13), Exh. "1" ¶ 15, Attach. "6" at 4-5.

On August 31, 2004, the Commonwealth of Pennsylvania, Board of Probation and Parole granted Petitioner parole in case CP-46-CR-0829-1993.  Response (Doc. 13), Notice of Board Decision (Attach. "8").  That decision stated in relevant part:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 *et seq.*, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests justify you being paroled/reparoled; and, the interests of the Commonwealth will not be injured.  Therefore, you are granted parole/reparole at this time. The reasons for the Board's decision include the following:
>
> Your acceptance of responsibility for the offense(s) committed.
>
> The recommendation made by the Department of Corrections.
>
> The existence of detainers filed against you.

_____

[2]It is undisputed that at this time the Commonwealth of Pennsylvania had primary custody of Petitioner.

[3]Although Mr. Clarke's declaration indicates that Petitioner was sentenced "to a maximum of two years imprisonment[,]" the docket appears to indicate that Petitioner was given probation for these charges.  The parties do not dispute Petitioner's state court sentence, and as such this Court merely notes the apparent inconsistency for the record.

1    Your participation in and completion of prescribed institutional programs.

2    Your reported institutional behavior since last review.

3    Your interview with the hearing examiner and/or board member.

4    Paroled to federal detainer sentence.

5
     **You shall abide by the rules and regulations of the institution (this applies
6    to detainer cases only.)**

7    Response (Doc. 13), Attach. "8" at 1-2 (emphasis added).  On February 25, 2005, prior to

8    Petitioner being ordered released on Parole, the Parole Board rescinded its August 31, 2004

9    parole action "due to receipt of misconduct[.]" *Id.* at 4; *see also* Response (Doc. 13), Exh.

10   "1" ¶ 18.

11       On December 19, 2007, the Commonwealth of Pennsylvania, Board of Probation and

12   Parole granted Petitioner parole in case number CP-46-CR-0000829-1993.  Response (Doc.

13   13), Exh. "1" ¶ 19, Attach. "8" at 5-7.  On February 7, 2008, the Commonwealth of

14   Pennsylvania, Department of Corrections was notified that March 3, 2008 had been

15   established as Petitioner's parole release date. *Id.*, Exh. "1" ¶ 20, Attach. "8" at 8.  On March

16   3, 2008,the Pennsylvania Board of Probation and Parole ordered the Petitioner to be released,

17   with an actual release date of March 12, 2008. *Id.*, Exh. "1" ¶ 21, Attach. "8" at 12-13.  On

18   March 13, 2008, the Pennsylvania Department of Corrections paroled Petitioner, and he was

19   taken into federal custody. *Id.*, Exh. "1" ¶¶ 22-23, Attach. "8" at 13, Sentence Monitoring

20   Computation Data 4/30/2012 (Attach. "9") at 1.  Petitioner credit for his federal sentence

21   began on March 13, 2008.  Response (Doc. 13), Attach. "9" at 2.

22       On March 5, 2012, Petitioner filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ

23   of Habeas Corpus by a Person in Federal Custody (Doc. 1).  Petitioner seeks credit toward

24   his federal sentence beginning on August 31, 2004, the date of the Pennsylvania Parole

25   Board's notice regarding its initial decision to parole Petitioner. *See* Petition (Doc. 1) at 4.

26   . . .

27   . . .

28   . . .

- 4 -

## II.     ANALYSIS

### A.  Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. at 864. Therefore, a proper characterization of the petition is necessary to a determination of jurisdiction. *Id*.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief with respect to the time credited to his federal sentence.  As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility of parole.'") (*quoting Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241."); *Weinstein v. U.S. Parole Comm'n.*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission."). Such a challenge must be brought pursuant to § 2241 in the custodial court.  Petitioner is incarcerated at USP – Tucson in Arizona.  Accordingly, this Court has

jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

## B. Exhaustion

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55, 115 S.Ct. 2021, 2023-24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct is own mistakes and to preclude the need for judicial review.'" *Id.* (*quoting Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to

appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim.  *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)).  If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation.  *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647-48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to *pro se* litigants).

Here, the Petition reflects that Petitioner has exhausted his administrative remedies, and Respondents do not refute this.  *See* Petition (Doc. 1).  Review of the record supports a finding that Petitioner has properly filed appeals regarding credits to his federal sentence.  Accordingly, the Court concludes that Petitioner has exhausted his administrative remedies.

### C. Credit for Presentence Incarceration

Section 3585, Title 18 of the United States Code, governs calculation of a federal prisoners term of imprisonment.  It states in relevant part:

> (a) **Commencement of sentence.** – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed;
>>
>> or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense which the sentence imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis in original).  In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time."  *United States v.*

1  *Wilson*, 503 U.S. 329, 327, 112 S.Ct. 1351, 1355-56, 117 L.Ed.2d 593 (1992); *see also*

2  *Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam.*

3          Furthermore, federal custody does not begin until the state authorities relinquish the

4  prisoner upon satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269,

5  1270-71 (9th Cir. 1992), *per curiam.* "Normally, the sovereign which first arrests an

6  individual acquires priority of jurisdiction for purposes of trial, sentencing, and

7  incarceration." *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) (internal quotation

8  marks omitted) (citation omitted), *overruled on other grounds by Setser v. United States*, 566

9  U.S. – , 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012); *see also Taylor v. Reno*, 164 F.3d

10  440, 444 n. 1 (9th Cir. 1998). This priority of jurisdiction is often referred to as "primary

11  jurisdiction." *Taylor*, 164 F.3d at 444 n. 1. "As a general rule, the first sovereign to arrest

12  a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v.*

13  *Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991) (citing *United States v. Warren*, 610 F.2d 680,

14  684-85 (9th Cir. 1980)). Additionally, "[w]hen an accused is transferred pursuant to a writ

15  of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities

16  so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas*,

17  923 F.2d at 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir.

18  1978)). Further, it is the responsibility of the United States Attorney General to compute the

19  credit due for any pre-term incarceration. *United States v. Wilson*, 503 U.S. 329, 334, 112

20  S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992).

21          It is undisputed that the Commonwealth of Pennsylvania had primary jurisdiction over

22  Petitioner through the August 31, 2004 Parole Board hearing. Petitioner argues that the

23  decision of the Parole Board to grant him parole resulted in the relinquishment of

24  jurisdiction. Pet.'s Rebuttal of Resp.'s Response in Opposition to Pet. for Writ of Habeas

25  Corpus Under 28 U.S.C. § 2241 ("Reply") (Doc. 14) at 2. The August 31, 2004, Notice of

26  Board Decision, however, expressly states that Petitioner "shall abide by the rules and

27  regulations of the institution." Response (Doc. 13), Attach. "8" at 1. It is undisputed that

28

Petitioner failed to abide by this requirement. *Id.*, Attach. "8" at 4. Accordingly, the Parole Board's decision was rescinded. *Id.* Neither the Notice of Board Decision granting Petitioner parole, nor that rescinding it, established a date that Petitioner was actually paroled. *See McGough v. Meeks*, 2013 WL 6230362, *7 (W.D. Pa. 2013) (Petitioner sought credit for time served based on the date of Pennsylvania's Board of Probation and Parole's Notice of Decision granting him parole, despite its requirement that he first complete an anger management program).

Furthermore, it is undisputed that the Federal Bureau of Prisons ("BOP") obtained physical custody of Petitioner on March 13, 2008. Response (Doc. 13), Exh. "1" ¶¶ 22-23, Attach. "8" at 13, Attach. "9" at 1. Therefore, that is the date that the state relinquished primary custody over Petitioner. As such, BOP calculated Petitioner's federal sentence to commence on March 13, 2008, pursuant to 18 U.S.C. § 3585(a) and applicable policy. *See, e.g.,* PS 5880.28; PS 5160.05. Moreover, the time that Petitioner seeks federal credit for has been allocated toward his state term. *See* Response (Doc. 13), Attach. "8" at 14. Petitioner is not entitled to double credit. *Wilson*, 503 U.S. at 327, 112 S.Ct. at 1355-56.

It is the Petitioner's burden to demonstrate that he is entitled to habeas relief. *See Hart v. Eyman*, 458 F.2d 334, 343 (9th Cir. 1972). Petitioner has not provided this Court with any evidence to support his argument that BOP erred in finding that the Parole Board released him to the federal detainer on March 13, 2008, or that the time from August 31, 2004 through March 13, 2008 was not credited toward his state incarceration. As such, the Court finds that Petitioner's Petition is without merit.

## IV.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1)    DENYING Petitioner's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1); and

1      (2)      DECLINING to issue a certificate of appealability.  Reasonable jurists would

2              not find the Court's ruling debatable.

3      Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil

4 Procedure, any party may serve and file written objections within fourteen (14) days after

5 being served with a copy of this Report and Recommendation.  A party may respond to

6 another party's objections within fourteen (14) days after being served with a copy. Fed. R.

7 Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If

8 objections are filed, the parties should use the following case number: **CV-12-162-TUC-**

9 **FRZ**.

10     Failure to file timely objections to any factual or legal determination of the Magistrate

11 Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy

12 of this Report and Recommendation to all parties.

13     DATED this 13th day of August, 2014.

14

15 _____

16                     Bruce G. Macdonald
                     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28
                                  - 10 -